```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 9, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X
                                             :

DONNELL ALSTON,                  :

                                :

                  Petitioner,    :

                                  :        13 Civ. 4392 (KPF) (JCF)

            v.                   :

                                  :       OPINION AND ORDER

SUPERINTENDENT STEVEN RACETTE,   :      ADOPTING REPORT AND

                                  :        RECOMMENDATION

                  Respondent.  :

                                  :

------------------------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

       Petitioner Donnell Alston ("Petitioner"), who is proceeding *pro se* and is currently incarcerated, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition" or "Pet.") on June 24, 2013, against Superintendent Steven Racette of the Great Meadow Correctional Facility in Comstock, New York.  In it, Petitioner seeks review of his New York State Supreme Court conviction for Robbery in the First Degree, in violation of New York Penal Law § 160.15(4).  United States Magistrate Judge James C. Francis IV issued a Report and Recommendation dated May 22, 2014 (the "Report"), recommending that the Petition be denied.  The Court has considered both the Report and Petitioner's July 7, 2014 Objection to the Report (the "Objection" or

"Obj."), and finds that the Report should be adopted in full.[1]  Accordingly, the Petition is denied.

## BACKGROUND

The facts and procedural history of the instant action are set forth in the Report.  (*See* Dkt. #16).  Nonetheless, a brief summary of the relevant facts is useful to this Court's analysis.

Petitioner was arrested on May 11, 2006, in connection with a November 26, 2005 robbery of a retail store named Funtiques.  (Report 1-3).  Petitioner was identified as a suspect based upon fingerprints lifted from the scene, as well as an eyewitness identification at a line-up.  (*Id.* at 3).  Trial commenced on April 18, 2007, and a mistrial was declared on April 20, 2007, after the jury was unable to reach a unanimous verdict.  (*Id.*).  A second jury trial began on September 24, 2007, after which Petitioner was found guilty of Robbery in the First Degree, in violation of New York Penal Law § 160.15(4).

The prosecution's evidence was as follows: Amy Spiegel was the sole employee on duty at Funtiques on November 26, 2005.  A man whom Spiegel identified at trial as Petitioner visited the store on two separate occasions that day to inspect jewelry for his wife; he gave his name as "Donnell."  (Report 1-3). The man left the store, and returned a third time to look again at the jewelry.

---

[1]    The Court has also considered Respondent's timely-filed opposition to the Objection, dated July 31, 2014.  (*See* Dkt. #21).  Petitioner filed a reply to Respondent's opposition dated August 19, 2014.  (Dkt. #22).  However, that reply was neither sanctioned nor timely filed.  Accordingly, the Court rejects that submission.  The Court reviewed the reply submission in order to raise *pro se* Petitioner's strongest arguments, but found that the submission reasserted arguments raised in the Objection, as well as asserted new arguments not properly before this Court; thus, it need not be considered here.

(*Id.*).  At that time, the only other people in Funtiques were Spiegel and a customer named Christine Peng.  (*Id.* at 3, 6).  Spiegel testified that Petitioner grabbed some jewelry, ordered her to get down on the ground, and "pushed forward" what appeared to be a gun.  (*Id.* at 3).

The prosecution introduced evidence from a fingerprint analyst with the New York City Police Department; the analyst testified that the fingerprints she had lifted from the jewelry case, which were later tied to Petitioner, were "fresh." (Report 5-6).  The trial court judge instructed the jury to disregard the officer's testimony to the extent it suggested the fingerprints were left recently, though it did not declare a mistrial.  (*Id.*).  Peng also testified, but was not asked to identify Petitioner as the suspect at trial, nor was she cross-examined by the defense.  (*Id.* at 6).  Petitioner was subsequently found guilty.  On April 1, 2008, Petitioner was adjudicated a persistent felony offender pursuant to New York Penal Law § 70.10, and sentenced an indeterminate term of 20 years' to life imprisonment.  (*Id.* at 7).

At a subsequent hearing, defense counsel reported to the trial court that Peng had contacted counsel to inform her that Peng did not believe Petitioner was the man she had seen in Funtiques that day.  (Report 6-7).  Petitioner moved to vacate his sentence on May 18, 2009, pursuant to New York Criminal Procedure Law § 440.10, arguing that Peng's statements constituted newly-discovered evidence and that he had been deprived of the effective assistance of counsel as a result of his prior counsel's failure to investigate.  (*Id.* at 8).  The trial court held a hearing thereafter, at which Peng testified that during the

3

attempted robbery, she had seen only three quarters of the perpetrator's face for a moment, and had done so only after he had ordered her to get down on the floor.  (*Id.*).

Petitioner's § 440.10 motion was ultimately denied on September 24, 2010.  (Report 9).  In an 18-page opinion, the state trial court found that Peng's testimony did constitute newly-discovered evidence, and that trial counsel — though remiss in his failure to investigate — had not been constitutionally ineffective.  (*Id.*).  The court also determined that Peng's testimony did not create a probability of acquittal, in light of her admittedly limited opportunity to view the perpetrator's face, in contrast with Spiegel's opportunity to see Petitioner on the day of the robbery for an "extremely long period of time."  (*Id.* at 9-10).  Moreover, the court noted, Spiegel testified that Petitioner had identified himself as "Donnell" prior to returning to the store for the robbery.  (*Id.*).

Petitioner sought leave to appeal the court's ruling on the § 440.10 motion, and on November 23, 2010, the Appellate Division granted his application and directed that the appeal be consolidated with Petitioner's direct appeal.  (Report 11).  The Appellate Division unanimously affirmed Petitioner's conviction and the denial of his § 440.10 motion on January 5, 2012.  *People* v. *Alston*, 936 N.Y.S.2d 41, 42 (1st Dep't 2012).  Petitioner was denied leave to appeal to the New York Court of Appeals by decision dated March 26, 2012. *People* v. *Alston*, 944 N.Y.S.2d 483 (2012).

## THE STANDARD OF REVIEW

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may accept those portions of a report to which no "specific, written objection is made," as long as the factual and legal bases supporting the findings are not clearly erroneous.  *See Greene* v. *WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)); *see also Thomas* v. *Arn*, 474 U.S. 140, 149 (1985).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley* v. *Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a petitioner makes specific objections to a magistrate judge's findings, the reviewing court must undertake a *de novo* review of the objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  *Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest."  *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted).  However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error.  *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

### A.    Petitioner's Grounds for Habeas Relief

Petitioner raises three grounds for habeas relief: (i) the trial court committed various evidentiary errors, thereby depriving him of a fair trial in violation of the Sixth and Fourteenth Amendments; (ii) Peng's testimony raised a reasonable probability that he would have been acquitted; and (iii) Petitioner was deprived of the effective assistance of counsel at trial because his counsel failed to cross-examine Peng.  (Petition 6-18).

### B.    The Report

Judge Francis thoroughly considered and rejected each of these grounds for relief.  First, Judge Francis found that Petitioner had failed to exhaust his state court remedies with respect to his evidentiary claims, since he did not seek leave to appeal the Appellate Division's determination of these issues. (Report 17).  Second, Judge Francis determined, in line with the two other New York State courts to have considered this very issue, that Peng's testimony did not create a reasonable likelihood that Petitioner would have been acquitted, given the strength of the other eyewitness testimony presented at trial.  (*Id.* at 18-19).  Lastly, Judge Francis held that Petitioner had not been deprived of the effective assistance of counsel, since decisions regarding whether to cross-examine a witness are "'strategic in nature'" and well within an objective standard of reasonableness.  (*Id.* at 21 (quoting *Dunham* v. *Travis*, 313 F.3d 724, 732 (2d Cir. 2002))).

Petitioner challenges Judge Francis's determinations as to each of the three grounds for relief, yet does so by largely reiterating the same arguments raised before, and rejected by, Judge Francis.  Where appropriate, the Court has reviewed Petitioner's claims *de novo* and finds no error in Judge Francis's careful and thorough decision.

**C.    Review of Petitioner's Claims**

**1.    Evidentiary Claim**

Petitioner reasserts his arguments going to the merits of his evidentiary claims, but fails to discuss the Report's finding that Petitioner had failed to exhaust his state court remedies with respect to these claims.  (*Compare* Report 17 *with* Obj. 12 (discussing the reliability of fingerprint and eyewitness evidence generally, and disputing the trial court's evidentiary rulings on this basis)).  The Report first noted that state court evidentiary rulings are not properly raised in federal habeas corpus petitions unless the rulings were so erroneous to have deprived Petitioner of a fair trial.  (Report 16 (citing *Collins* v. *Artus,* No. 08 Civ. 1936 (PKC) (JCF), 2009 WL 2633636, at *4 (S.D.N.Y. Aug. 26, 2009) (noting that state evidentiary rulings are generally a matter of state law not subject to habeas review))).

The Report did not reach that issue, however, because Petitioner had not sought leave to appeal his evidentiary claims to the New York Court of Appeals, and the Court thus had no jurisdiction to consider those claims.  (Report 17-18).  As Judge Francis found, the merits of a procedurally defaulted claim may not be reviewed by a federal court unless the petitioner shows cause for the

default and actual prejudice resulting from it, or that failure to consider the defaulted claim would result in a "fundamental miscarriage of justice." (*Id.* (quoting *Coleman* v. *Thompson*, 501 U.S. 722, 749-50 (1991); citing *Murray* v. *Carrier,* 477 U.S. 478, 496 (1986) (fundamental miscarriage of justice exception requires showing of actual innocence))). Petitioner had also failed to offer a reason for the failure to assert his evidentiary claims on appeal, and has instead submitted arguments that go more to the sufficiency of the evidence than to his actual innocence. (*Id.* at 18). Petitioner's Objection cures neither defect. Accordingly, the Court has reviewed the Report for clear error and finds there to be none.

### 2.    Newly-Discovered Evidence Claim

Petitioner raises several objections to the Report with respect to this claim, none of which is meritorious. First, Petitioner contends that Judge Francis failed to "conduct a critical analysis of the evidence," principally by "ignor[ing] the fundamental inconsistencies" in an eyewitness's testimony. (Obj. 3; *see also id.* at 5-6 (discussing reliability of eyewitness testimony generally)). Quite simply, "[a] habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court." *Garcia* v. *Burge*, No. 07 Civ. 2974 (HB) (FM), 2009 WL 102142, at *4 (S.D.N.Y. Jan. 15, 2009) (citing *Herrera* v. *Collins*, 506 U.S. 390, 401 (1993)). Petitioner made no claims with respect to the reliability of Spiegel's testimony in his Petition, and Judge Francis was under no obligation — and was indeed precluded from — conducting a "critical analysis of the evidence" on this basis.

8

Next, Petitioner reasserts his arguments with respect to the newly-discovered evidence, arguing that it raised a reasonable likelihood of acquittal. (*See* Obj. 4-8).  In this regard, Petitioner largely reiterates the arguments considered by Judge Francis.  Nonetheless, the Court has reviewed the claim *de novo* and determines that it must be rejected.  This Court is now the fourth court to consider whether Peng's testimony raised a reasonable probability of an acquittal.  The state trial court held a hearing on the issue, at which it had the opportunity to judge Peng's credibility and weigh the sufficiency of her testimony in comparison with the other evidence adduced at trial.  (Report 9-11).  The court went on to issue an 18-page decision finding that Peng's testimony did not raise a reasonable likelihood of acquittal.  (*Id.*).  Its decision was affirmed by the Appellate Division, and reviewed again by Judge Francis. (*Id.* at 11-12).  Judge Francis noted the many reasons why Peng's testimony failed to raise a reasonable likelihood of acquittal, namely that (i) Spiegel had a better opportunity, over a longer time period, to identify Petitioner; (ii) Spiegel testified that Petitioner identified himself by name on the day of the robbery; and (iii) there was fingerprint evidence linking Petitioner to Funtiques.  (*Id.* at 19).

More importantly, Petitioner has failed to demonstrate that he suffered an independent constitutional violation in his state court criminal proceeding, as is required to make out a claim for habeas relief.  *Herrera*, 506 U.S. at 400 ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent

constitutional violation occurring in the underlying state criminal proceeding."
(internal citation omitted)).  Accordingly, this claim provides no basis for
habeas relief.

### 3.    Ineffective Assistance of Counsel Claim

Lastly, Petitioner raises only perfunctory and conclusory objections to
the Report's finding that he was not deprived of ineffective assistance of
counsel.  (*See* Obj. 8 ("trial counsel, provide ineffective assistance when she
chose not to cross-examine Ms. Peng"); *see also id.* ("However, I disagree with
the R&R decision")).  The Court has accordingly reviewed the Report for clear
error and finds none.

A petitioner alleging ineffective assistance of appellate counsel must
prove both that appellate counsel was objectively unreasonable in failing to
raise a particular issue on appeal, and that absent counsel's deficient
performance in omitting certain claims or failing to adequately argue claims
that were raised, there is a reasonable probability that the petitioner's appeal
would have been successful.  *Mayo* v. *Henderson,* 13 F.3d 528, 533 (2d Cir.
1994) (citing *Strickland* v. *Washington*, 466 U.S. 668, 688 (1984)).
Preliminarily, Petitioner failed to exhaust his ineffectiveness claim and this
Court may not consider the issue as a result.[2]  More importantly, even if the
Court had jurisdiction to review this claim, Judge Francis correctly noted that

---

[2]    Petitioner asserts for the first time in his Objection that his counsel's failure to
introduce expert testimony at trial regarding the reliability of fingerprint evidence
constituted ineffective assistance of counsel.  (Obj. 9-11).  This newly-asserted claim is
plainly not exhausted and not properly before this Court.

decisions regarding whether to cross-examine a witness are "'strategic in nature'" and well within an objective standard of reasonableness.  (*Id.* at 21 (quoting *Dunham*, 313 F.3d at 732)).  *See generally Strickland*, 466 U.S. at 690-91 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation").  Counsel's failure to cross-examine a witness did not constitute ineffective assistance of counsel, and cannot form a ground for habeas relief.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full, and the Petition is DENIED.  The Clerk of Court is directed to mark the case as closed.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge* v. *United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court shall dismiss the Petition and close the case.

SO ORDERED.

Dated: September 9, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

A copy of this Order was mailed by Chambers to:
Donnell Alston
08A2925
Greatmeadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

11